I believe in all parties' right to the peremptory challenge, and I have struggled to try to preserve that right and comply with Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712,90 L.Ed.2d 69 (1986). The United States Supreme Court in Purkettv. Elem, ___ U.S. ___, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995), encouraged me in my hope that the peremptory challenge would survive. However, the majority of this Court refuses to allowPurkett v. Elem to control Alabama's peremptory challenge procedure. Ex parte Bruner, 681 So.2d 173 (Ala. 1996). I do not see how the peremptory challenge can permanently endure with litigants having the right to peremptorily challenge some jurors but not other jurors. Do all potential jurors not have an equal right to serve as jurors regardless of race or gender?